IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GLENDA L. WASHINGTON, | ) | CASE NO. 3:13-cv-01741 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

On December 8, 2014, Plaintiff filed an Application for Attorney Fees under the Equal

Access to Justice Act (EAJA) requesting Equal Access to Justice ("EAJA")[1] fees in the amount

of $2,655.60, said amount being comprised of attorney fees in the amount of $2,580.60 (13.8

hours x $187.00)[2] and non-attorney fees in the amount of $75.00 (1.5 hours x $50.00).[3] Doc. 22,

Doc. 22-1, Doc. 22-2.   On January 6, 2015, Plaintiff filed a Motion to Supplement/Amend her

---

[1] The EAJA states that,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*28 U.S.C. § 2412(d)(1)(A); see Pierce v. Underwood, 487 U.S. 552, 556, 108 S.Ct. 2541, 2545, 101 L.Ed.2d 490* (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *28 U.S.C. § 2412(d)(1)(A); see Pierce, 487 U.S. at 556, 108 S.Ct. at 2545, 101 L.Ed.2d 490.*

[2] Plaintiff seeks an award of fees above the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended.  Doc. 22.  Plaintiff's calculation of the hourly rate for attorney fees is based on the National Consumer Price Index ("CPI").  Doc. 22-3 (Computing Cost-of-Living Increases for EAJA Awards for Actions filed on or after March 29, 1996).

[3] On December 16, 2014, the Defendant filed a Response indicating that she does not oppose Plaintiff's request for payment of $2,655.60 under the EAJA.  Doc. 23.

EAJA Application to submit additional evidentiary support.  Doc. 24.  Plaintiff's request to supplement/amend (Doc. 24) is **GRANTED**.

For the reasons set forth below, Plaintiff's EAJA Application (Doc. 22), as supplemented/amended (Doc. 24), is **GRANTED in part and DENIED in part**.

### I.        Reasonableness of attorney fees[4]

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour.  Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013).  Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009). When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase."  *Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).  As this Court has previously stated, to justify an upward departure from the statutory cap:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and

---

[4] The Commissioner has not argued that her position was substantially justified or that special circumstances make an award of EAJA fees unjust.  The Commissioner also has not opposed the amount of fees requested.  However, the Court has reviewed the fees requested and awards fees in an amount the Court deems reasonable.

hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).

Here, Plaintiff relies on the National CPI, as well as her attorney's affidavits, her attorney's time sheets, and affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the geographical area for services by lawyers of reasonably comparable skill, experience, and reputation.[5] Doc. 22 (Exhibits 1-14); Doc. 24 (Exhibits 1-3).  The Court finds that Plaintiff has submitted sufficient evidence to warrant an increase from $125.00 and finds the amount of hours expended by Attorney Meadows to be reasonable.  However, as previously stated, this Court's preference is to use the Cleveland-Akron CPI rather than the National CPI.  *See Jeffries v. Comm'r of Soc. Sec.*, 2014 WL 1394411, * 4 (N.D. Ohio Apr. 9, 2014).  Therefore, the Court's award of attorney fees is calculated at an hourly rate of $179.75 rather than $187.00.[6]

Also, as previously found, the Court finds that $40.00 rather than $50.00 per hour is a reasonable fee for non-attorney time. *Jeffries*, 2014 WL 1394411, * 5 (N.D. Ohio Apr. 9, 2014); *see also Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 6 (N.D. Ohio May 6, 2013) (finding $40.00 to be a reasonable fee for appellate assistant time).  Therefore, the Court's award of non-attorney fees is calculated at an hourly rate of $40.00 rather than $50.00.

---

[5] Plaintiff also submits surveys and other materials in support of her request.

[6] Based on the National CPI, the Plaintiff requested $187.00 per hour for attorney fees.  When calculating the rates using the Cleveland-Akron CPI, the result yields $179.75 per hour.  The index for March 1996 was 150.9. The index for March 2012 was 216.946.  The increase in the cost of living was 216.946 ÷ 150.9, or 1.438.  Multiplying 1.438 by the 1996 EAJA cap of $125 per hour yields $179.75.  Source: www.bls.gov/ro5/cpiclevhistorical.pdf.

Accordingly, Plaintiff is hereby awarded $2,540.55 in EAJA fees.  This amount represents $2480.55 in attorney fees (13.8 hours x $179.75) and $60.00 in non-attorney fees (1.5 hours x $40.00).

The amount awarded is ordered to be made payable to Plaintiff, Glenda L. Washington, and delivered to the business address of Plaintiff's counsel. The Commissioner shall determine whether Plaintiff has any outstanding federal debt to be offset from the attorney fees.  If Plaintiff has no outstanding federal debt, the Commissioner shall honor Plaintiff's assignment of attorney fees to counsel and make the check payable to Plaintiff's counsel.  However, if Plaintiff has outstanding federal debt, the Commissioner shall make the check payable to Plaintiff directly and deliver the check to the business address of Plaintiff's counsel. The amount of attorney fees payable to Plaintiff will be the balance of attorney fee award remaining after subtracting the amount of Plaintiff's outstanding federal debt. If Plaintiff's outstanding federal debt exceeds the amount of attorney fee award, the attorney fee award amount will be used to offset Plaintiff's federal debt and no attorney fees shall be paid.

IT IS SO ORDERED.

January 12, 2015

_____
KATHLEEN B. BURKE
U.S. MAGISTRATE JUDGE

4